NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 09-3042

United States of America

v.

Steven Muzychka,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 08-cr-00092-001)
District Judge: Hon. Berle M. Schiller

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2010

Before: McKEE, Chief Judge, SLOVITER and RENDELL, Circuit Judges.

(Opinion filed: February 8, 2011)

**OPINION**

McKEE, Chief Judge

Steven Muzychka ("Muzychka") appeals his conviction for illegal drug

manufacture and possession..  For the reasons that follow, we will affirm.

**I.**

Since we write primarily for the parties who are familiar with this case, we only recite the factual and procedural background to the extent necessary to our brief discussion.

Muzychka's convictions arose from the discovery of a methamphetamine laboratory in a building located at 437 Memphis Street in Philadelphia following an explosion at that address. The building, owned by Muzychka's mother, was vacant when the drug laboratory was discovered. No one resided there and no one was apprehended inside the building. Muzychka's mother did not even know that she owned the property and had not visited it for several years. However, it is undisputed that Muzychka had access to the building.

During the investigation that followed the explosion and the discovery of a meth lab, the DEA found several documents containing Muzychka's name. These included a Sam's Club card for an account that Muzychka shared with his brother, the primary account holder. One of the two cards associated with this joint account was used to purchase several boxes of aluminum foil and a shredder. A shredder with matching make and model was found at 437 Memphis Street, where it was used, along with aluminum foil, as part of the process of manufacturing methamphetamine. Sam's Club's records did not indicate which of the owners of the joint account used his card to make those purchases, but Muzychka's card was found at 437 Memphis Street. The investigators also discovered a computer near the meth lab. A search of the computer's hard drive revealed that Muzychka regularly used the computer, and that he had last used it about five days before the explosion that lead authorities to the lab.

On the eve of trial, Muzychka moved to exclude the testimony of forensic chemist Michelle Camilleri based on an alleged violation of Fed. R. Crim. P. 16. The district court responded by granting a continuance and ordering the Government to provide the defense with a copy of the expert's report.

At trial, Muzychka again challenged Camilleri's testimony. Muzychka urged the court to exclude any testimony about the length of time the drug lab had been operating because that evidence was beyond the scope of the Rule 16 disclosure. The district court denied Muzychka's request, and allowed the Government's expert to testify about the time required to manufacture the quantity of meth found at the Memphis Street property. Muzychka did not object when Camilleri testified.

Following conviction, Muzychka moved for a judgment of acquittal, arguing that the Government's evidence was insufficient to sustain his conviction. He also moved for a new trial arguing that the district court erred in allowing Camilleri's expert to testify. The District Court denied both motions, and this appeal followed.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the sufficiency of the evidence in the light most favorable to the Government, and we will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Cunningham*, 517 F.3d 175, 177 (3d Cir. 2008). "We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

We review evidentiary rulings for abuse of discretion, *United States v. Ford*, 481 F.3d 215, 217 (3d Cir. 2007), unless the defendant failed to object. In that case, we review for plain error. *United States v. Mitchell*, 365 F.3d 215, 257 (3d Cir. 2004). Under plain error review, we correct an error only if it affects a defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993).

## III.

Muzychka claims the evidence was not sufficient to establish that he had constructive possession of the controlled substances found at 437 Memphis Street, and that Camilleri's expert testimony went beyond the scope of the testimony described in the Rule 16 disclosure. *Id*. at 26-27.

### A. Sufficiency of the Evidence

To establish that he had constructive possession of the meth lab, the Government had to introduce sufficient evidence to support an inference that Muzychka knowingly had "both the *power and the intention . . .* to exercise dominion and control over [the meth lab], either directly or through another person or persons," and "*knowledge of that object's existence.*" *United States v. Garth*, 188 F.3d 99, 112-13 (3d Cir. 1999) (emphasis in the original). The dominion and control over the drugs need not be exclusive. *Id*. However, dominion and control cannot be established by "mere proximity to the drug, or mere presence on the property where it is located or mere association with the person who does control the drug or the property." *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993), *cert. denied*, 510 U.S. 1017.

4

Muzychka argues that the evidence establishes "mere presence" at most. He analogizes the evidence here to the evidence against the defendant in *Brown*.[1] Where we held that there was insufficient evidence to establish constructive possession of drugs and contraband. 3 F.3d at 681-82. In Brown, the defendant lived in the house where the drugs were found and, upon arriving home while police were searching, told the police: "you can't arrest me, because I am in my own house." *Id*. at 680-81. Some of her possessions were found in the house. We concluded that this evidence was sufficient to establish residence in the house and knowledge of the drugs but that more was required to prove dominion and control. *Id*. at 681.

Muzychka's circumstances are distinguishable. Unlike in *Brown*, the evidence supports a finding that Muzychka was the primary user of an otherwise uninhabited building that housed a clandestine meth lab. That nexus to property housing a meth lab supports an inference that the defendant had constructive possession of the items found therein. *Brown*, 3 F.3d at 683-84. Further, unlike in *Brown* where the defendant's possessions were not found near the drugs, Muzychka's documents and computer were found in proximity to the equipment used for making methamphetamine, and they were connected with the illegal enterprise. *Cf. Jackson v. Byrd*, 105 F.3d 145, 150 (3d Cir. 1997) (finding constructive possession in part because the drugs were found in the defendant's cooler), *cert. denied,* 520 U.S. 1268 (1997). Finally, a reasonable juror could have inferred that Muzychka used the Sam's Club account to procure the shredder and

---

[1] Muzychka also analogizes his case to *United States v. Vazquez-Chan*, 978 F.2d 546 (9th Cir. 1992), *overruled by United States v. Nevils*, 598 F.3d 1158 (9th Cir. 2010). However, that case has been overruled and we will therefore focus on *Brown*.

aluminum foil that were used to manufacture methamphetamine at 437 Memphis Street; thus, establishing dominion and control and the intent to exercise each.

### B. Adequacy of the Rule 16 Expert Disclosure

Muzychka asserts that Camilleri's testimony should have been excluded because he did not receive a timely Rule 16 disclosure,[2] and because it exceeded the scope of the testimony described in the expert disclosure. Muzychka brief at 8-9.

A new trial is only warranted for a discovery violation if a defendant can make a "showing that the District Court's actions resulted in prejudice to the defendant." *United States v. Lopez*, 271 F.3d 472, 483 (3d Cir. 2001). To establish prejudice, a defendant must show "a likelihood that the verdict would have been different had the government complied with the discovery rules." *United States v. Davis*, 397 F.3d 173, 178 (3d Cir. 2005).

The remedies provided by Rule 16(d)(2)[3] are available at a district court's discretion; "Rule [16] does not require a district court to do anything." *Lopez*, 271 F.3d at 484. Here, the district court addressed any prejudice that may have resulted from the

---

[2] Federal Rule of Criminal Procedure 16(a)(1)(G) provides, in relevant part, that:
> [a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

[3] If the government fails to comply with this expert disclosure requirement, Rule 16 provides that,
> the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

Government's failure to comply with the literal requirements of Rule 16 by granting a continuance and thereby allowing Muzychka time to prepare for the expert's testimony.

At trial, Muzychka did not object to Camilleri's testimony; accordingly, he must now establish a plain error. Assuming *arguendo* that the district court erred in allowing Camilleri's testimony, there is nothing in the record, that suggests the error had any impact whatsoever on the outcome of the proceeding. Moreover, prior to Camilleri's testimony, the defense solicited nearly identical testimony during its cross-examination of Agent Turner. App. at 197-99.

## IV.

Accordingly, we will affirm the sentence of the District Court.